UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BOBBY DARRELL COLBERT,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>KAREN ARNOLD,<br><br>　　　　　Respondent. | CASE NO. 2:25-CV-2141-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: December 15, 2025 |

Petitioner Bobby Darrell Colbert, proceeding *pro se*, has filed a proposed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. 6-1. In the proposed petition, Petitioner, who is in custody on a 2005 Skagit County Superior Court judgment and sentence, challenges the decisions of the Indeterminate Sentencing Review Board ("ISRB"). Dkt. 6-1. Specifically, he alleges violations of his Sixth Amendment rights because the ISRB increases the minimum term of his sentence every two years. *Id*. at 6. The Court finds the proposed petition is successive. Therefore, the Court lacks jurisdiction and recommends the petition be dismissed and this case be closed. Because the Court lacks jurisdiction, the Court also recommends Petitioner's application to proceed *in forma pauperis* be denied.

**I.　　Discussion**

Although Petitioner submitted a § 2241 habeas petition, "28 U.S.C. § 2254 is the exclusive vehicle for a habeas relief that is available to him because he is a prisoner serving a

REPORT AND RECOMMENDATION - 1

1  sentence pursuant to a state court judgment. *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir.

2  2004), overruled on other grounds by *Hayward v. Marshall,* 603 F.3d 546 (9th Cir. 2010) (en

3  banc). The Court thus finds Petitioner's request for habeas relief should be deemed filed under

4  28 U.S.C. § 2254.

5    The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a

6  gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one

7  of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies

8  only to petitions adjudicated and denied on the merits in the previous federal habeas corpus

9  proceeding." *Turner v. Terhune*, 78 Fed. App'x 29, 30 (9th Cir. 2003) (citing *Steward v.*

10  *Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district

11  court either considers and rejects the claims or determines that the underlying claim will not be

12  considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing

13  *Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990). The Ninth Circuit also states "[a] habeas

14  petition is second or successive only if it raises claims that were or could have been adjudicated

15  on the merits." *McNabb*, 576 F.3d at 1029.

16    Petitioner is in custody on a 2005 Skagit County Superior Court judgment and sentence

17  and is challenging the ISRB's decisions from this judgment and sentence. Dkt. 6-1. Petitioner

18  has already challenged the 2005 conviction in this Court and has challenged the ISRB's decision-

19  making process arising from the underlying conviction. In *Colbert v. Gilbert*, 2:26-cv-1247-JLR,

20  the court dismissed Petitioner's petition challenging the ISRB's decision-making process with

21  prejudice for failure to state a cognizable habeas claim. *Colbert v. Gilbert*, 2:26-cv-1247-JLR. As

22  the court denied the petition with prejudice for failure to state a claim, the Court finds this a

23  "decision on the merits." Therefore, the current proposed petition, which seeks relief from the

24

REPORT AND RECOMMENDATION - 2

ISRB's decisions, is a successive petition. *See Colbert v. Gilbert*, 2:16-cv-1247-JLR (W.D. Wash.) (challenge to ISRB).[1]

Under 28 U.S.C. § 2244(b)(2), the Court must dismiss a successive petition unless the petitioner can show (1) "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." *See* § 2244(2). Petitioner fails to satisfy these standards. He claims the ISRB has been violating his Sixth Amendment rights since 2013 because the ISRB increases his minimum term of imprisonment every two years. Dkt. 6-1. Petitioner was aware of this claim in 2013, several years before filing his first habeas petition related to the ISRB's decisions. *See Colbert v. Gilbert*, 2:16-cv-1247-JLR (W.D. Wash.) (challenge to ISRB); *see also Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (finding a claim was "second or successive" when the petitioner was aware of the factual predicate of the claim and could have raised the claim in his first petition). Further, the claim does not rely upon a new rule of constitutional law. As such, the current proposed petition is successive.

Before a petitioner is allowed to file a second or successive petition, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). A district court lacks jurisdiction to consider a second or successive petition in the

---

[1] Since 2008, Petitioner has filed thirteen other federal habeas petitions in this Court challenging his Skagit County conviction and sentence in case number 04-1-00497-6. *See Colbert v. McDonald*, C08-0870-RSL; *Colbert v. Sinclair*, C11-0076-RSM; *Colbert v. Glebe*, C12-0563-RAJ; *Colbert v. Gilbert*, C16-1247-JLR; *Colbert v. Gilbert*, C16-1663-RSL; *Colbert v. Haynes*, C18-1350-RSM, *Colbert v. Haynes*, C19-0467-RAJ; *Colbert v. Bennett*, C23-1122-JNW; *Colbert v. Bennett*, C24-0889-LK; *Colbert v. Bennett*, C24-1002-DGE; *Colbert v. Bennett*, C24-1439-DGE; *Colbert v. Speer*, C24-2143; and *Colbert v. Arnold*, C25-1768.

absence of an order from the Ninth Circuit authorizing the district court to consider the petition. *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157 (2007). Here, there is no evidence Petitioner has received an order from the Ninth Circuit authorizing this Court to consider this petition. Thus, the Court lacks jurisdiction to consider the petition and it should be dismissed without prejudice. *See Magwood*, 561 U.S. at 331; *Cooper*, 274 F.3d at 1274.

The Court also notes Petitioner's sole ground for relief –the ISRB violated his Sixth Amendment rights – does not appear to be a colorable claim. Petitioner appears to assert he was denied the right to a jury when the ISRB extended the minimum length of his incarceration. *See* Dkt. 6-1. "There is no Sixth Amendment right to a jury trial for post-conviction determinations," which necessarily include parole eligibility determinations. *United States v. Santana*, 526 F.3d 1257, 1262 (9th Cir. 2008). Additionally, a state has no constitutional or federal obligation to offer parole. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (per curiam). Thus, a state prisoner has no constitutional or federal right to be released before a valid state sentence expires. *Id*. As the Sixth Amendment does not attach to parole decisions and as Petitioner has not alleged he was denied due process, Petitioner's habeas corpus petition does not appear to present a colorable claim for relief.

**II.     Certificate of Appealability**

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating

REPORT AND RECOMMENDATION - 4

that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Reasonable jurists would not find it debatable that the proposed petition should be dismissed for lack of jurisdiction. Accordingly, this Court concludes Petitioner is not entitled to a certificate of appealability with respect to the proposed petition.

### III. Conclusion

For the above stated reasons, the Court recommends the proposed petition (Dkt. 6-1) be dismissed without prejudice and the certificate of appealability be denied. As the Court lacks jurisdiction, the Court also recommends Petitioner's application to proceed *in forma pauperis* (Dkt. 6) be denied.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 15, 2025**.

Dated this 24th day of November, 2025.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5