UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BOBBY DARRELL COLBERT,

               Petitioner,

   v.

KAREN ARNOLD,

               Respondent.

CASE NO. 2:25-cv-02141-BHS

ORDER

THIS MATTER is before the Court on Magistrate Judge David W. Christel's Report and Recommendation (R&R) recommending the Court deny pro se petitioner Bobby Colbert's §2241 habeas petition as a second or successive petition, and accordingly deny Colbert's application to proceed *in forma pauperis*, deny a certificate of appealability, and dismiss the case. Dkt. 7 at 2–3 (citing Colbert's prior habeas case, *Colbert v. Gilbert*, No. 16-1247 JLR).

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. It must modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district judge may accept, reject, or modify the recommended disposition; receive further

ORDER - 1

evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

"[I]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly, when a district court adopts a magistrate judge's recommendation, the district court is required to merely "indicate[] that it reviewed the record de novo, found no merit to . . . [the] objections, and summarily adopt[s] the magistrate judge's analysis in [the] report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at 437.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Colbert has filed an objection to the R&R, asserting that he did not consent to a magistrate judge. He did not address his prior habeas petition, or the R&R's conclusion that his current effort is a second or successive petition required to be filed at the Ninth

Circuit. Dkt. 8. Colbert has also filed a motion to appeal *in forma pauperis*, Dkt. 9. It is not clear whether this filing asks this Court to permit him to appeal any order or judgment against him *in forma pauperis*, or whether it asks the Ninth Circuit to permit him to seek permission to file fil a second or successive habeas petition.

In any event, the Court **ADOPTS** the R&R, **DENIES** Colbert's application to proceed *in forma pauperis* in this Court, Dkt. 6, **DISMISSES** this case for lack of subject matter jurisdiction, and **DECLINES** to issue a certificate of appealability. If Colbert's recent application for leave to proceed *in forma pauperis* relates instead to a (proper) effort to obtain the Ninth Circuit's permission to file a second or successive petition, he can address that request to that Court.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 17th day of December, 2025.

BENJAMIN H. SETTLE
United States District Judge